UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MARK W. GANTT,

                                  Plaintiff,

           v.                                           5:10-CV-1526
                                                            (NAM/GHL)

DESMOND J. RACICOT, *Chief of Police*,
R.M. JOHNSON, *Records Access Officer*, and
M.A. BEAR, *Captain - City Police*,

                                  Defendants.
_____

APPEARANCES

Mark W. Gantt, 08-A-3883
Plaintiff, *pro se*
Five Points Correctional Facility
Caller Box 119
Romulus, NY 14541

GEORGE H. LOWE, United States Magistrate Judge

## REPORT-RECOMMENDATION AND ORDER

The Clerk has sent to the Court a *pro se* civil rights complaint filed by Mark W. Gantt ("Plaintiff").[1] Dkt. No. 1. Plaintiff also filed an application to proceed *in forma pauperis* and an inmate authorization form. Dkt. Nos. 2, 3.

**I.    The Complaint**

In his complaint, Plaintiff alleges the following: On March 16, 2010, Plaintiff contacted Defendant R.M. Johnson, Records Access Officer for the Plattsburgh City Police Department, in order to obtain information about the arrest of Plaintiff's wife. Dkt. No. 1 at 4. The request was denied. *Id.* The denial notice was signed by Defendant M.A. Bear, Captain of the Plattsburgh City Police. *Id.* Plaintiff appealed the denial to Defendant Desmond J. Racicot, Chief of Police. *Id.* Defendant Racicot

---

[1] Plaintiff has filed at least four other actions in this District. *Gantt v. Lape, et al.*, 9:10-CV-0083(GTS/GHL) (pending); *Gantt v. Comm'r of New York State Department of Correctional Services*, 9:10-CV-0333 (NAM/DRH) (dismissed); *Gantt v. Fauro, et al.*, 9:10-CV-1428 (NAM/GHL) (pending); *Gantt v. Monty, et al.*, 9:10-CV-1429 (DNH/GHL) (dismissed).

denied Plaintiff's request. *Id.*

Plaintiff requests that the Court enforce the Freedom of Information Law. Dkt. No. 1 at 6. He also requests that the Court allow him access to public arrest records. *Id.*

28 U.S.C. § 1915(e) directs that when a plaintiff seeks to proceed *in forma pauperis*, " the court shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious[,] fails to state a claim on which relief may be granted[,] or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[2]  Thus, the court has a responsibility to determine that a complaint may be properly maintained in this district before it may permit a plaintiff to proceed with an action *in forma pauperis*.[3] *See id.* Although the court has the duty to show liberality towards *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to respond, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983), there is a responsibility on the court to determine that a claim is not frivolous before permitting a plaintiff to proceed with an action *in forma pauperis*. *See e.g. Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991) (per curiam) (holding that a district court has the power to dismiss a complaint *sua sponte* if the complaint is frivolous).

Here, Plaintiff alleges that his constitutional rights were violated when his Freedom of Information Law ("FOIL") request was denied. Dkt. No. 1. However, the only constitutional claim arising from alleged FOIL violations is one of a deprivation of property under the Due Process Clause

---

[2] In determining whether an action is frivolous, the court must look to see whether the complaint lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

[3] Dismissal of frivolous actions pursuant to 28 U.S.C. § 1915(e) is appropriate to prevent abuses of the process of the court, *Harkins v. Eldredge*, 505 F.2d 802, 804 (8th Cir. 1974), as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327.

of the Fourteenth Amendment. *See Webb v. Ashburn*, No. 96 Civ. 0325, 1997 WL 118355, at *2 (S.D.N.Y. Mar. 17, 1997).[4] Plaintiff has not alleged any property interest with respect to any of the documents purportedly requested. Therefore, I recommend that the claim be dismissed with prejudice for failure to state a claim on which relief may be granted.

The Court notes that generally, when a *pro se* action is dismissed *sua sponte*, the plaintiff should be allowed to amend his or her complaint once before the complaint is dismissed. *See Gomez v. USAA Fed. Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999). However, such leave is not required where any amended complaint would be futile due to the substantive nature of the fatal flaws in the original complaint.[5] Here, the flaw in Plaintiff's complaint is substantive in nature such that better pleading would not cure it. As a result, it would be futile to afford Plaintiff an opportunity to amend his complaint. Accordingly, the Court recommends that no opportunity to amend the complaint be provided to Plaintiff.

## II.  Application to proceed *in forma pauperis*

Plaintiff filed an application to proceed *in forma pauperis*. Dkt. No. 2. In light of the Court's recommendations that the complaint be dismissed with prejudice and that no opportunity to amend the complaint be provided to Plaintiff, the Court recommends that the application be denied as moot. *See* 28 U.S.C. § 1915(e) (establishing the court's responsibility to determine that a complaint may be properly maintained in this district before it may permit a plaintiff to proceed with an action *in forma*

---

[4] *See also Blount v. Brown*, No. 10-CV-1548, 2010 WL 1945858, at *2 (E.D.N.Y. May 11, 2010) (same) (citing *Webb*) (other citations omitted).

[5] *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (an opportunity to amend should be denied where "the problem with [plaintiff's] causes of action is substantive" such that "better pleading will not cure it."); *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice.") (citation omitted), *cert. denied*, 503 U.S. 960 (1992).

*pauperis*).

WHEREFORE, it is hereby

**RECOMMENDED**, that the complaint be **DISMISSED with prejudice** for failure to state a claim on which relief may be granted; and it is further

**RECOMMENDED**, that no opportunity to amend the complaint be provided to Plaintiff; and it is further

**RECOMMENDED**, that the *in forma pauperis* application (Dkt. No. 2) be DENIED as moot; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on Plaintiff by regular and certified mail, as well as copies of the electronically-available-only decisions cited herein.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a).

Dated: January 7, 2011
Syracuse, New York

George H. Lowe
United States Magistrate Judge